UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CINDY MOONSAMMY, as Parent and Natural Guardians of A.M., and CINDY MOONSAMMY Individually;<br><br>JOSE GARZON, as Parent and Natural Guardian of M.G., and JOSE GARZON, Individually;<br><br>SABINE MOISE DESIR, as Parent and Natural Guardian of M.C.-I., and SABINE MOISE DESIR, Individually;<br><br>LEONARDA BAUTISTA, as Parent and Natural Guardian of A.A.-B., and LEONARDA BAUTISTA, Individually;<br><br>VERONICA VALENCIA, as Parent and Natural Guardian of A.M., and VERONICA VALENCIA, Individually,<br><br>                 Plaintiffs,<br><br>      -against-<br><br>MELISSA AVILES-RAMOS, in her official capacity as Chancellor of the New York City Department of Education, and the NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br>                 Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED:  8/26/2025<br><br><br><br>25 Civ. 5923 (AT)<br><br>**ORDER** |

ANALISA TORRES, District Judge:

      Plaintiffs, the parents of five students with disabilities who are enrolled at the International Academy for the Brain ("iBRAIN"), bring this action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, against Defendants, the New York City Department of Education and its Chancellor (collectively, the "DOE" or the "Department"), alleging that the DOE failed to identify, implement, and fund the students' pendency placements for the 2025–2026 school year ("SY").  *See generally* Compl., ECF No. 1.  Before the Court is Plaintiffs' motion for a preliminary injunction establishing the students' pendency placements at iBRAIN and ordering

the DOE to fund such placements for the 2025–2026 SY. *See generally* Mot., ECF No. 8. For the reasons stated below, the motion is granted in part and denied in part.[1]

## BACKGROUND[2]

Plaintiffs are parents and guardians of five students with disabilities: A.M., M.G., M.C.-I., A.A.-B., and A.M. *See generally* Compl. Between June and July 2025, Plaintiffs filed due process complaints ("DPCs") alleging that the DOE did not provide their children with a free appropriate public education ("FAPE") for the 2025–2026 SY. *Id.* ¶ 18; *see* ECF Nos. 1-1 at 2, 1-4 at 2, 1-5 at 2, 1-6 at 2, 1-7 at 2. During the pendency of the proceedings, Plaintiffs enrolled their children at iBRAIN. *See* ECF Nos. 1-2 at 23, 1-4 at 35, 1-5 at 43, 1-6 at 32, 1-8 at 7. The students are currently enrolled at iBRAIN for the 2025–2026 SY. *See id.*; Compl. ¶ 127.

Plaintiffs brought this action on July 18, 2025. Compl. On July 22, they moved for a preliminary injunction "establishing [the students'] pendency placement at iBRAIN," Mot. at 7 (capitalization altered), and "ordering the DOE to fully fund tuition, transportation, and, for some [students], nursing services" for the 2025–2026 SY, *id.* at 21.

## DISCUSSION

I.   Statutory Framework

The IDEA requires states receiving federal special education funding to provide children with disabilities with a FAPE. 20 U.S.C. § 1400(d)(1)(A); *R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 174–75 (2d Cir. 2012). School districts must create an individualized education program ("IEP") for qualifying children to ensure they receive a FAPE. 20 U.S.C. § 1414(d). If a parent believes that the

---

[1] Having reviewed the parties' briefing, the Court finds that the material facts here are not in dispute and, therefore, decides Plaintiffs' motion for a preliminary injunction without a hearing. *See Hammer v. Trendl*, No. 02 Civ. 2462, 2003 WL 21466686 at *2 (E.D.N.Y. Jan. 18, 2003).

[2] The Court presumes familiarity with the facts underlying this action and summarizes only the facts relevant to Plaintiffs' motion for a preliminary injunction.

IEP is inadequate and that DOE thus failed to provide their child with a FAPE, the parent may file a DPC. *M.O. v. N.Y.C. Dep't of Educ.*, 793 F.3d 236, 239 (2d Cir. 2015) (per curiam) (quoting *Hardison v. Bd. of Educ.*, 773 F.3d 372, 376 (2d Cir. 2014)). A DPC initiates administrative proceedings, including a hearing before an Impartial Hearing Officer ("IHO"). *R.E.*, 694 F.3d at 175 (citing N.Y. Educ. L. § 4404(1)). After an IHO has issued a decision, either party may appeal that decision to the State Review Officer ("SRO"). *Id*. (citing N.Y. Educ. L. § 4404(2)). Either party may seek review of the SRO's decision in state or federal court. *Id*. (citing 20 U.S.C. § 1415(i)(2)(A)).

The IDEA contains a "stay-put" or "pendency" provision that entitles children to "remain in [their] then-current educational placement" at public expense "during the pendency of any proceedings." 20 U.S.C. § 1415(j). "Parents can also unilaterally change their child's placement during the pendency of review proceedings—for instance, by enrolling them in private school—but they do so at their own financial risk." *Mendez v. Banks*, 65 F.4th 56, 59 (2d Cir. 2023) (cleaned up) (citations omitted). "[P]arents can obtain funding for a new placement if an IHO or SRO finds it to be appropriate and issues a pendency order, and the school district does not appeal the decision, thereby agreeing impliedly by law to the child's educational program." *Id*. (cleaned up) (citation omitted).

II.  Placement

Plaintiffs seek an order establishing iBRAIN as the students' pendency placement for the 2025–2026 SY. Mot. at 7. As stated above, the IDEA's stay-put provision entitles children with disabilities to "remain in the[ir] then-current educational placement" at public expense "during the pendency of any proceedings." 20 U.S.C. § 1415(j). This provision "seeks to maintain the educational status quo while the parties' dispute is being resolved." *T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 152 (2d Cir. 2014). The Second Circuit has characterized the provision as "an automatic preliminary injunction" because it "substitutes an absolute rule in favor of the status quo—that is, the maintenance of a student's then-current educational placement—for the standard preliminary

injunction analysis involving irreparable harm, the likelihood of success on the merits, and the balance of hardships." *Mendez*, 65 F.4th at 62 (citation omitted). Parents "seeking to invoke the stay-put provision of the IDEA need not exhaust their administrative remedies." *Cosgrove v. Bd. of Educ. of Niskayuna Cent. Sch. Dist.*, 175 F. Supp. 2d 375, 384 (N.D.N.Y. 2001).

To determine a child's "then-current educational placement" for purposes of the stay-put provision, a court looks to "(1) the placement described in the child's most recently implemented IEP; (2) the operative placement actually functioning at the time when the stay-put provision of the IDEA was invoked; or (3) the placement at the time of the previously implemented IEP." *Doe v. East Lyme Bd. of Educ.*, 790 F.3d 440, 452 (2d Cir. 2015) (citation omitted). Here, the DOE does not dispute that the operative placement actually functioning for each student at the time Plaintiffs invoked the stay-put provision was iBRAIN. *See* Opp. at 8 (the DOE stating that each of the students "are currently attending iBRAIN and continue to receive educational services there," and claiming that their "placements are not at risk"). Indeed, the students were already enrolled at iBRAIN for prior SYs, and at no point does the DOE dispute that iBRAIN is the students' pendency placement for the 2025–2026 SY. *See generally* Opp.; ECF Nos. 1-2, 1-4, 1-5, 1-6, 1-7 (administrative orders). Accordingly, the Court finds that iBRAIN constitutes the students' pendency placement for the 2025–2026 SY.

III.  Funding

Plaintiffs also seek an order directing the DOE to fund the students' pendency placements for SY 2025–2026. Mot. at 12. They argue that the stay-put provision acts "as an automatic preliminary injunction . . . requir[ing] [the Department] to fund [the students'] educational placement[s]" during the administrative proceedings. *See id.* (capitalization altered). Not so. The Second Circuit has emphasized that the "stay-put provision entitles families to automatic relief with respect to educational placement but *not* with respect to payments." *Mendez*, 65 F.4th at 59 (emphasis added). The Court,

4

therefore, turns to the traditional preliminary injunction factors. *See id*. at 62–64; *Mondano v. Banks*, No. 24 Civ. 8241, 2025 WL 1984427, at *1–2 (S.D.N.Y. July 17, 2025).

To obtain a preliminary injunction, Plaintiffs must show (1) "a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the [P]laintiffs' favor;" (2) "that they are likely to suffer irreparable injury in the absence of an injunction;" (3) "that the balance of hardships tips in their favor;" and (4) "that the public interest would not be disserved by the issuance of a preliminary injunction." *Mendez*, 65 F.4th at 63–64 (citation omitted). "A showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Ogunleye v. Banks*, No. 23 Civ. 9092, 2025 WL 1078301, at *1 (S.D.N.Y. Mar. 27, 2025) (quoting *Reuters Ltd. v. United Press Int'l*, 903 F.2d 904, 907 (2d Cir. 1990)). "Irreparable harm is an injury that is not remote or speculative but actual and imminent, and for which a monetary award cannot be adequate compensation." *Tom Doherty Assocs., Inc. v. Saban Ent., Inc.*, 60 F.3d 27, 37 (2d Cir. 1995) (citation omitted).

"Because this dispute is about educational *funding*—not educational *placements*—Plaintiffs are unable to show that their harm is irreparable." *Mendez v. Banks*, No. 22 Civ. 8397, 2022 WL 6807537, at *1 (S.D.N.Y. Oct. 11, 2022), *aff'd*, 65 F.4th 56. Plaintiffs make no showing that schooling or related services were or are at risk for the 2025–2026 SY, or that the students' continued enrollment at iBRAIN has been jeopardized by the DOE's alleged nonpayment. *See Mondano*, 2025 WL 1984427, at *2. To the contrary, Plaintiffs argue that "[a]ny significant delays in funding by the Defendants in their financial obligations *will* cause Plaintiffs to accrue tuition, transportation and nursing late fees." Mot. at 2 (emphasis added). Such an assertion is "too speculative to support a finding of irreparable harm." *Mondano*, 2025 WL 1984427, at *2. Accordingly, because Plaintiffs fail to show irreparable harm, the Court denies Plaintiffs' motion for a preliminary injunction as to funding. *See, e.g.*, *id*. (denying preliminary injunction when plaintiff did not show that the delay in disbursing funds would affect the

student's educational placement); *Ogunleye*, 2025 WL 1078301, at *2 (declining to issue preliminary injunction and stating that "[a]bsent a showing that the students are at risk of losing their . . . placements, money damages can provide an adequate remedy in the underlying suit"); *Abrams v. Carranza*, No. 20 Civ. 5085, 2020 WL 4504685, at *1 (S.D.N.Y. Aug. 5, 2020) ("[Although] the parties apparently have certain disputes over payment . . . such a dispute does not implicate irreparable harm, at least where, as here, there is no imminent threat to the educational services themselves.").

## CONCLUSION

For the reasons stated above, Plaintiffs' motion for a preliminary injunction, ECF No. 8, is GRANTED in part and DENIED in part.  Specifically, the Court declares that iBRAIN is the students' pendency placement for the 2025–2026 SY and DENIES the motion in all other respects.

SO ORDERED.

Dated: August 26, 2025
      New York, New York

_____
ANALISA TORRES
United States District Judge