UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CINDY MOONSAMMY, as Parent and Natural
Guardians of A.M., and CINDY
MOONSAMMY Individually;

JOSE GARZON, as Parent and Natural Guardian
of M.G., and JOSE GARZON, Individually;

SABINE MOISE DESIR, as Parent and Natural
Guardian of M.C.-I., and SABINE MOISE
DESIR, Individually;

LEONARDA BAUTISTA, as Parent and Natural
Guardian of A.A.-B., and LEONARDA
BAUTISTA, Individually;

VERONICA VALENCIA, as Parent and Natural
Guardian of A.M., and VERONICA
VALENCIA, Individually,

                                    Plaintiffs,

                -against-

MELISSA AVILES-RAMOS, in her official
capacity as Chancellor of the New York City
Department of Education, and the NEW YORK
CITY DEPARTMENT OF EDUCATION,

                                    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/1/2025

25 Civ. 5923 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiffs are the parents of five students with disabilities who are enrolled at the International Academy for the Brain ("iBRAIN"). On July 18, 2025, they brought this action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, against Defendants, the New York City Department of Education and its Chancellor (collectively, the "DOE" or the "Department"), alleging that the DOE failed to identify, implement, and fund the students' pendency placements for the 2025–2026 school year ("SY"). *See generally* Compl., ECF

No. 1.  Before the Court is Plaintiffs' second motion for a preliminary injunction ordering the DOE to adhere to an expedited hearing timeline on their state administrative proceedings.[1]  Mot., ECF No. 22; Mem., ECF No. 24; *see also* Opp., ECF No. 29, Reply, ECF No. 30.[2]  The Court denies the motion.

**BACKGROUND**[3]

I.   Legal Framework

"The IDEA offers federal funds to states that demonstrate, *inter alia*, that they have developed plans to assure 'all children with disabilities residing in the state' a 'free appropriate public education' ('FAPE')."  *Mackey ex rel. Thomas M. v. Bd. of Educ. for Arlington Cent. Sch. Dist.*, 386 F.3d 158, 159–60 (2d Cir. 2004) (quoting 20 U.S.C. § 1412(a)(1)(A)).  School districts must create an individualized education program ("IEP") for qualifying children to ensure they receive a FAPE.  20 U.S.C. § 1414(d).  "The IDEA requires that an IEP be 'reasonably calculated to enable the child to receive educational benefits.'"  *R.E. v. New York City Dept. of Educ.*, 694 F.3d 167, 175 (2d Cir. 2012) (citation omitted).  If a parent believes that the IEP is inadequate and that DOE thus failed to provide their child with a FAPE, "the parent may file a 'due process complaint' (a type of administrative challenge unrelated to the concept of constitutional due process) with the appropriate state agency."  *Id* (citing 20 U.S.C. § 1415(b)(6)).

Under New York's administrative system, the parties first engage in a resolution meeting, which the local educational agency ("LEA") must initiate within 15 days of receiving the due

---

[1] Plaintiffs' first motion for a preliminary injunction sought to establish the students' pendency placements at iBRAIN and to order the DOE to fund such placements for the 2025–2026 SY.  *See* ECF No. 8.  On October 26, 2025, the Court granted the motion in part and denied it in part.  *See* ECF No. 27.  Plaintiffs have filed a motion for reconsideration of the Court's October 26, 2025 order, *see* ECF No. 31, which will be addressed in a separate order.

[2] Having reviewed the parties' briefing, the Court finds that the material facts are not in dispute and, therefore, decides Plaintiffs' motion for a preliminary injunction without a hearing.  *See Hammer v. Trendl*, No. 02 Civ. 2462, 2003 WL 21466686 at *2 (E.D.N.Y. Jan. 18, 2003).

[3] The Court presumes familiarity with the facts underlying this action and summarizes only the facts relevant to Plaintiffs' motion for a preliminary injunction.

process complaint ("DPC").  20 U.S.C. § 1415(f)(1)(B)(i); 34 C.F.R. § 300.510(a)(1).[4]  If the LEA "fails to hold the resolution meeting within 15 days of receipt of the parents' due process complaint or fails to participate in the resolution meeting, the parent may seek intervention of the impartial hearing officer to begin the due process hearing timeline."  34 C.F.R. § 300.510(b)(5).  If a resolution meeting is held and the LEA "has not resolved the due process complaint to the satisfaction of the parent within 30 days of the receipt of the due process complaint, the due process hearing may occur."  34 C.F.R. § 300.510(b)(1).  The due process hearing is conducted by an Impartial Hearing Officer ("IHO").  *See* 20 U.S.C. § 1415(f)(1)(A).  The IHO has 45 days after the end of the resolution process to hold a hearing, review the evidence, and issue a final hearing decision.  30 C.F.R. § 300.515(a).[5]  After an IHO has issued a decision, either party may appeal that decision to the State Review Officer ("SRO").  N.Y. Educ. L. § 4404(2).  Either party may then seek review of the SRO's decision in state or federal court.  20 U.S.C. § 1415(i)(2)(A).  The IDEA contains a "stay-put" or "pendency" provision that entitles children to "remain in [their] then-current educational placement" at public expense "during the pendency of any proceedings."  20 U.S.C. § 1415(j).

To obtain a preliminary injunction, Plaintiffs must show (1) "a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the [P]laintiffs' favor"; (2) "that they are likely to suffer irreparable injury in the absence of an injunction"; (3) "that the balance of hardships tips in

---

[4] The resolution meeting need not be held if the parent and LEA agree in writing to waive the meeting, or the parent and LEA agree to separate mediation.  34 C.F.R. § 300.510(a)(3).

[5] An IHO may, however, "grant specific extensions of time . . . at the request of either party."  34 C.F.R. § 300.510(c).  In general, "a request for an extension shall not be granted because of school vacations, a lack of availability resulting from the parties' and/or representatives' scheduling conflicts, avoidable witness scheduling conflicts or other similar reasons."  8 N.Y.C.R.R. § 200.5(j)(5)(iii).

their favor"; and (4) "that the public interest would not be disserved by the issuance of a preliminary injunction." *Mendez v. Banks*, 65 F.4th 56, 63–64 (2d Cir. 2023) (cleaned up).

II.   <u>Factual Background</u>

Plaintiffs are parents and guardians of five students with disabilities:  A.M., M.G., M.C.-I., A.A.-B., and A.M.  *See generally* Compl.  Between June and July 2025, Plaintiffs filed due process complaints ("DPCs") alleging that the DOE did not provide their children with a FAPE for the 2025–2026 SY.  *Id.* ¶ 18; *see* ECF Nos. 1-1 at 2, 1-4 at 2, 1-5 at 2, 1-6 at 2, 1-7 at 2.  During the pendency of the proceedings, Plaintiffs enrolled their children at iBRAIN.  *See* ECF Nos. 1-2 at 23, 1-4 at 35, 1-5 at 43, 1-6 at 32, 1-8 at 7.  The students are currently enrolled at iBRAIN for the 2025–2026 SY, *see* Compl. ¶ 127, and the Court declared, and the DOE agrees, that iBRAIN is the students' pendency placement for the 2025–2026 SY, *see* Order.  Plaintiffs allege, *inter alia*, that for each student, the IHO extended the deadline for compliance beyond the date required by statute, without adequate justification.  *See* Mem. at 4–5; *see generally* Patel Decl., ECF No. 25.

**DISCUSSION**

The Court denies Plaintiff's request for a preliminary injunction.  As an initial matter, district courts lack the authority to issue an injunction when a plaintiff seeks injunctive relief based on claims not pleaded in the complaint.  *See Olsen v. Doldo*, No. 16 Civ. 5366, 2017 WL 1422431, at *2 (S.D.N.Y. Apr. 20, 2017) (citing *Stewart v. INS*, 762 F.2d 193, 199 (2d Cir. 1985)).  Here, the relief sought in Plaintiffs' complaint is limited to declaratory relief and funding for Plaintiffs' pendency placements at iBRAIN while the administrative proceeding is ongoing.  *See* Compl. ¶¶ 116–155.  In the instant preliminary injunction motion, however, Plaintiffs seek an order directing DOE to comply with certain deadlines for their administrative proceedings.  *See generally* Mot.  Plaintiffs' various challenges to each of the administrative deadlines set by the

4

IHO do not appear in the complaint in this case and are distinct from their allegations that DOE failed to ensure and pay for the relevant students' pendency placements during the administrative process.  *See* Compl. ¶ 150.  A "preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action."  *Id.* (citation omitted); *see also Pac. Radiation Oncology LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).  Accordingly, the Court should not grant the preliminary injunction.

Regardless, Plaintiffs have not demonstrated irreparable harm.  "A showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction."  *Ogunleye v. Banks*, No. 23 Civ. 9092, 2025 WL 1078301, at *1 (S.D.N.Y. Mar. 27, 2025) (quoting *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990)).  "Irreparable harm is an injury that is not remote or speculative but actual and imminent, and for which a monetary award cannot be adequate compensation."  *Tom Doherty Assocs., Inc. v. Saban Ent., Inc.*, 60 F.3d 27, 37 (2d Cir. 1995) (citation omitted).  The students are attending iBRAIN through the IDEA's pendency provision, *see* Order; thus, they will continue to attend iBRAIN at public expense for as long as the proceedings continue.  Plaintiffs have presented no evidence that any student is at risk of losing placement at iBRAIN as a result of the hearing dates set for Plaintiffs' DPCs.  *See Fiallos v. Aviles-Ramos*, No. 25 Civ. 7281, 2025 WL 2961624, at *4 (S.D.N.Y. Oct. 20, 2025); *see also Moonsammy v. Banks*, No. 24 Civ. 2616, 2024 WL 2831042, at *7 (S.D.N.Y. June 3, 2024) (explaining that the iBRAIN enrollment contract suspends any obligation on a student's families' part to pay for the student's tuition until they receive a DOE order on pendency).  A "bare procedural violation" does not constitute irreparable harm.  *Fiallos*, 2025 WL 2961624, at *4 (citation omitted).  Accordingly, because Plaintiffs fail to show

irreparable harm, the Court denies Plaintiffs' motion for a preliminary injunction as to an expedited hearing.

## CONCLUSION

For the reasons stated above, Plaintiffs' second motion for a preliminary injunction is DENIED.  The Clerk of Court is respectfully directed to terminate the motion at ECF No. 22.

SO ORDERED.

Dated: December 1, 2025
New York, New York

ANALISA TORRES
United States District Judge