UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CINDY MOONSAMMY, as Parent and Natural
Guardians of A.M., and CINDY
MOONSAMMY Individually;

                          Plaintiff,

          -against-

MELISSA AVILES-RAMOS, in her official
capacity as Chancellor of the New York City
Department of Education, and the NEW YORK
CITY DEPARTMENT OF EDUCATION,

                          Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/16/2026

25 Civ. 5923 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff and all previously dismissed Plaintiffs[1] (collectively, for the purposes of this order, "Plaintiffs") move for a stay pending appeal of the Court's January 30, 2026 order ("the Order") at ECF No. 73, which denied Plaintiffs' motion for reconsideration of a prior preliminary injunction, and granted Defendants' motion to dismiss certain Plaintiffs and to reconsider the preliminary injunction order.  *See* Mot., ECF No. 79; Mem., ECF No. 80; Opp., ECF No. 87; Reply, ECF No. 89.  For the reasons stated below, the Court denies the motion.

Courts consider four factors when assessing a motion for stay pending appeal: (1) the movant's "strong showing that [they are] likely to succeed on the merits"; (2) "irreparable injury to [the movant] in the absence of a stay"; (3) "substantial injury to the nonmoving party if a stay is issued"; and (4) "the public interest." *New York v. United States Dep't of Homeland Sec.*, 974 F.3d 210, 214 (2d Cir. 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).  "[A] stay is 'an exercise of judicial discretion,'" and the moving party "bears the burden of showing that the circumstances justify an exercise of discretion."  *Id.* (quoting *Nken*, 556 U.S. at 433–34).  "The first two factors are the most critical."  *Id.*

The first factor, the likelihood of success on the merits, weighs heavily against a stay. As to the severance of misjoined Plaintiffs, Plaintiffs merely repeat the same contention, already rejected, that their claims "arise from the same series of transactions and occurrences," Mem. at 1; *see* Order at 8–10 (finding that Plaintiffs' claims do not share the same essential facts and that it would be difficult to manage the individualized records within one docket). Plaintiffs have not made a strong showing that the Court abused its discretion in dismissing their claims without prejudice.  *See Frias v. Aviles-Ramos*, No. 25 Civ. 5936, 2025 WL

---

[1] The previously dismissed Plaintiffs are Jose Garzon, as Parent and Natural Guardian of M.G., and Jose Garzon, individually; Sabine Moise Desir, as Parent and Natural Guardian of M.C.-I., and Sabine Moise Desir, individually; Leonarda Bautista, as Parent and Natural Guardian of A.A.-B., and Leonarda Bautista, individually; Veronica Valencia, as Parent and Natural Guardian of A.M., and Veronica Valencia, individually.

2494336, at *3 (S.D.N.Y. Aug. 29, 2025) (explaining that the Court has broad discretion to add or drop parties). Plaintiffs also have not made a strong showing that the Court erred in vacating its prior pendency order on the grounds that it misapprehended the record and, as a result, misapplied the law with respect to 20 U.S.C. § 1415(j), the stay-put provision of the Individuals with Disabilities Education Act. *See* Order at 10. Plaintiffs, notably, make no showing that they are entitled to pendency at iBRAIN, and the Court notes that their enrollment at iBRAIN alone does not entitle them to an injunction under the stay-put provision. *See Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 536 (2d Cir. 2020) (explaining that the stay-put provision does not apply when a parent "unilaterally transfer[s] his or her child and subsequently initiate[s] [a dispute over the Individualized Education Program] to argue that the new school's services must be funded on a pendency basis").

As to the second factor, the Court is not persuaded by Plaintiffs' conclusory and unsubstantiated statements that the Order will cause "disruption of specialized educational services," the "loss of contracted transportation and nursing services," and "crushing, non-recoverable financial exposure for families forced to 'front' pendency costs." Mem. at 14; *see* Order at 5 (noting that all students have received pendency orders from an impartial hearing officer); *id.* at 7–8 (noting that Plaintiffs have made no showing that schooling or related services were at risk for the 2025–2026 school year); *see also* ECF Nos. 40, 49, 54, 64 (involving Plaintiffs' withdrawal of their third preliminary injunction motion after the Court ordered limited discovery into iBRAIN's financial condition). Plaintiffs thus fail to fulfill their burden as to the two most critical factors, and the Court does not find that the remaining factors weigh in favor of a stay either. Therefore, Plaintiffs' motion is DENIED.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 79.

SO ORDERED.

Dated: March 16, 2026
      New York, New York

_____
ANALISA TORRES
United States District Judge

2